IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY H.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:21-cv-00271 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By: Elizabeth K. Dillon |
| Commissioner, Social Security ) | United States District Judge |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy H. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 17, 19), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 1, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 21.) Plaintiff filed objections on August 14, 2022. (Dkt. No. 22.) The Commissioner responded to plaintiff's objections on August 18, 2022. (Dkt. No. 23.)

After de novo review of the pertinent portions of the record, the R&R, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–9.)  Briefly, the Administrative Law Judge (ALJ) determined that plaintiff suffered from severe impairments of substance abuse disorder, depression, anxiety, PTSD, obesity, hepatitis C, and hypertension.  These impairments, the ALJ reasoned, did not meet or medically equal a listed impairment.  For his mental impairments, plaintiff had moderate limitations in interacting with others and concentrating, persisting or maintaining pace, and mild limitations in adapting or managing oneself and in understanding, remembering, or applying information.  (Tr. 19–21.)

The ALJ concluded that plaintiff retained the residual functional capacity (RFC) to perform medium work, except he can have no exposure to protected heights.  He can have no cooking, food preparation, or personal care jobs due to hepatitis.  He can have no production rate or pace work, defined as assembly line work or work with strict daily quotas.  Plaintiff can have occasional interaction with the public, coworkers, and supervisors.  While plaintiff cannot perform any past relevant work, plaintiff can perform other jobs that exist in significant numbers in the national economy, such as general helper, laundry worker, and marker.  Thus, the ALJ determined that plaintiff is not disabled.  (Tr. 30.)

## II.  DISCUSSION

### A. Standard of Review

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019).

Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

**B. Timothy H.'s Objections to the R&R**

In his summary judgment brief, plaintiff argued that the ALJ's assessment of his mental impairments and subjective allegations were not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 18.) In many if not most respects, plaintiff's objections to the R&R are a restatement of his summary judgment arguments. "As the court has stated on many occasions, it is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge . . . . Objections to the magistrate judge's R&R should be focused on errors in analysis by the magistrate judge."

3

*Courtney T. v. Kijakazi*, Civil Action No. 7:21-cv-00024, 2022 WL 885767, at *2 (W.D. Va. Mar. 25, 2022). The court will, however, address the following objections.

Plaintiff argues that the magistrate judge erred in concluding that the ALJ addressed plaintiff's ability to sustain work over an eight hour workday and that the RFC addressed plaintiff's ability to stay on task. According to plaintiff, and contrary to the R&R, the ALJ "summarily stated" that plaintiff's problem with concentration was considered in the RFC findings, but the ALJ did not address persistence or pace and did not explain how the RFC addresses or accommodates plaintiff's moderate limitation in concentrating, persisting, or maintaining pace. (Pl.'s Objection 2–3.) At step three of the sequential evaluation process, where the ALJ determines whether the claimant has an impairment the meets or equals the requirements of a listed impairment, 20 C.F.R. § 404.1520, the ALJ explained that plaintiff's moderate limitations in concentration, persistence, and pace did not prevent him from performing different types of jobs and daily activities. As the ALJ noted, plaintiff's "problem with concentration was considered in the residual functional capacity with no production rate or pace work, defined as assembly line work or work with strict daily quotas." (Tr. 20.) Therefore, plaintiff errs in arguing that the ALJ did not explain how the RFC accommodates plaintiff's restrictions.

Defendant also argues that the magistrate judge erred in concluding that plaintiff did not identify specific instances where the ALJ ignored evidence or applied the wrong legal standards because plaintiff made detailed arguments in his brief detailing these issues. (Dkt. No. 18 at 22–25.) The court concurs with the magistrate judge that plaintiff's arguments are improper invitations for the court to "re-weigh the evidence" (R&R 17), which is inappropriate on judicial review in federal court. For example, plaintiff documents that he could not perform certain daily

activities, such as preparing simple meals, doing the laundry, vacuuming, and shopping for groceries, on a sustained basis. Yet the ALJ considered this evidence, along with other evidence in the record, as an indication that plaintiff could perform work on a sustained basis, subject to the limitations outlined in the RFC. That determination was within the ALJ's purview and is supported by substantial evidence in the record.

### III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 21) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 22) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 19) is GRANTED;
4. Plaintiff's motion for summary judgment (Dkt. No. 17) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: August 25, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge